```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 07-61432-CIV-ZLOCH
```

ANTHONY JONES,

      Plaintiff,

vs.                                                **O R D E R**

CUMMINGS BROS. TRUCK REPAIR,
INC., ROY S. CUMMINGS, MATTHEW
CUMMINGS, and DEBORAH CUMMINGS,

      Defendants.
_____/

THIS MATTER is before the Court upon Defendants' Motion To Compel (DE 17), Plaintiff's Motion To Compel (DE 21), and Defendant's Response (DE 23), which the Court construes as a Motion To Compel. The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

In the instant Motion To Compel (DE 17), Defendants seek discovery of Plaintiff's fee arrangement with his attorney. The general rule is that fee arrangements are discoverable within certain prescribed boundaries, which do not encroach upon attorney-client privilege. Based upon the Court's review of Defendants' discovery request, the Court finds that it does not encroach upon the attorney-client privilege. See Chaudhry v. Gallerizzo, 174 F.3d 394, 402-403 (4th Cir. 1999) (noting the information that an opposing party may discover concerning an attorney client fee arrangement).

Plaintiff's Motion To Compel (DE 21) seeks a voluminous amount

of information concerning Defendants' employees and the particular work they have performed over the last four years. The Court finds that other than the information Defendants represent that they have previously provided to Plaintiff, see DE 23, pp. 3, 7, the information sought in Plaintiff's instant Motion is unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Therefore, it shall be denied.

In Defendants' Response (DE 23) it represents that Plaintiff has failed to disclose his damages calculations based on the payroll records previously provided by Defendants. The Court notes that such disclosures are mandated under Rule 26(a)(1)(iii) and must be supplemented pursuant to Rule 26(e). Therefore, Plaintiff shall provide damages calculations, beyond those contained in DE 6, to Defendants in conformity with the terms and conditions provided below.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants Motion To Compel (DE 17) be and the same is hereby **GRANTED**;

2. On or before noon, Tuesday, April 15, 2008, Plaintiff shall serve upon Defendants' counsel all documentation that is listed in Defendants' Request For Production No. 9;

3. Pursuant to Rule 37, on or before noon, Tuesday, April 15, 2008, Defendants shall submit a memorandum with the appropriate

exhibits and affidavits, in accordance with Local Rule 7.3(B), substantiating for the Court the fees and costs incurred in preparation and execution of the instant Motion (DE 17);

4. Pursuant to Rule 37, on or before noon, Tuesday, April 15, 2008, Plaintiff shall submit a memorandum showing good cause for his failure to provide Defendant with the documentation listed in Defendants' Request For Production No. 9;

5. Plaintiff's Motion To Compel (DE 21) be and the same is hereby **DENIED**;

6. Defendants' Response which the Court construes as a Motion To Compel (DE 23) be and the same is hereby **GRANTED**;

7. On or before noon, Thursday, April 17, 2008, Defendants shall serve upon Defendants' counsel his damages calculations based on the payroll records previously provided to him by Defendants;

8. Pursuant to Rule 37, on or before noon, Thursday, April 17, 2008, Defendants shall submit a memorandum with the appropriate exhibits and affidavits, in accordance with Local Rule 7.3(B), substantiating for the Court the fees and costs incurred in preparation and execution of the instant Motion (DE 23);

9. Pursuant to Rule 37, on or before noon, Thursday, April 17, 2008, Plaintiff shall submit a memorandum showing good cause for his failure to provide Defendant with damages calculations in conformity with the dictates of Rule 26(a) and 26(e); and

10. Upon the failure of Plaintiff to comply with the terms

and conditions of this Order the Court will entertain the appropriate motion for sanctions, including but not limited to holding Plaintiff in contempt of Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  10th  </u> day of April, 2008.

/s/ William J. Z
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record